

JTW: USAO#2013R0668



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. WDQ-13-CR-0307 |
| | * | |
| SHAWN MALONE, | * | (Conspiracy to Distribute and Possess |
|    a/k/a "Studder," | * | with the Intent to Distribute Cocaine |
|    a/k/a "Snaps," | * | and Cocaine Base, 21 U.S.C. § 846; |
| ANTOINE BOLDEN, | * | Possession with the Intent to Distribute |
|    a/k/a "Demo," | * | Cocaine, 21 U.S.C. § 841; Aiding and |
| HOWARD MCCRAY, | * | Abetting 18 U.S.C. § 2) |
|    a/k/a "Pooh," | * | |
| STANLEY MALONE, | * | |
|    a/k/a "Man-Man," | * | |
|    a/k/a "Rambo," | * | |
| TRAVIS GAINES, | * | |
|    a/k/a "Jim," | * | |
| MELVINA BANKS, | * | |
|    a/k/a "Bebe," | * | |
| LUIS REYES, | * | |
|    a/k/a "Louis Reyes," | * | |
|    a/k/a "Rico," | * | |
| DONTE CHASE, | * | |
|    a/k/a "Turbo," | * | |
| KARL MCDONALD, | * | |
|    a/k/a "Lil Boo," and | * | |
| LATOYA MACK | * | |
| | * | |
| | * | |
|         Defendants | * | |
| | * | |
| | * | |
| ******* | | |

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

Beginning on a date unknown to the Grand Jury, but at least as of in or about 2010, and continuing through in or about June 6, 2013 in the District of Maryland and elsewhere, the

defendants,

>  SHAWN MALONE,
>  a/k/a "Studder,"
>  a/k/a "Snaps,"
>  ANTOINE BOLDEN,
>  a/k/a "Demo,"
>  HOWARD MCCRAY,
>  a/k/a "Pooh,"
>  STANLEY MALONE,
>  a/k/a "Man-Man,"
>  a/k/a "Rambo,"
>  TRAVIS GAINES,
>  a/k/a "Jim,"
>  MELVINA BANKS,
>  a/k/a "Bebe,"
>  LUIS REYES,
>  a/k/a "Louis Reyes,"
>  a/k/a "Rico,"
>  DONTE CHASE,
>  a/k/a "Turbo,"
>  KARL MCDONALD,
>  a/k/a "Lil Boo," and
>  LATOYA MACK

did knowingly and willfully combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and two hundred eighty grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 846

## **COUNT TWO**

The Grand Jury for the District of Maryland further charges that:

On or about January 29, 2013 in the District of Maryland, the defendant,

**LATOYA MACK,**

did knowingly and intentionally possess with intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## FORFEITURE
(21 U.S.C. § 853(a))

The Grand Jury further finds that:

As a result of the offense set forth in Count One, the defendants,

> SHAWN MALONE,
> a/k/a "Studder,"
> a/k/a "Snaps,"
> ANTOINE BOLDEN,
> a/k/a "Demo,"
> HOWARD MCCRAY,
> a/k/a "Pooh,"
> STANLEY MALONE,
> a/k/a "Man-Man,"
> a/k/a "Rambo,"
> TRAVIS GAINES,
> a/k/a "Jim,"
> MELVINA BANKS,
> a/k/a "Bebe,"
> LUIS REYES,
> a/k/a "Louis Reyes,"
> a/k/a "Rico,"
> DONTE CHASE,
> a/k/a "Turbo,"
> KARL MCDONALD,
> a/k/a "Lil Boo," and
> LATOYA MACK

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property, real and personal, that constitutes, or is derived from or is traceable to any proceeds obtained, directly or indirectly, as a result of said offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of said offenses, including but not limited to the following: a sum of money equal to $3,600,000, the proceeds of the offenses alleged in Counts One for which the defendants, or any of them, are found guilty[1].

---

[1] The forfeiture amount is based on 90 kilograms of cocaine at a minimum value of $40,000 per kilogram over the Indictment period.

## SUBSTITUTE ASSETS

If any of the $3,600,000 described above as being subject to forfeiture, as a result of any act or omission of the defendants,

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code Section 853(p) to seek forfeiture of any other property of the defendants up to the value of the property charged with forfeiture above, including but not limited to the following:

    i. 1911 Braddish Avenue, Baltimore, Maryland

    ii. 2303 Garrett Avenue, Baltimore, Maryland

    iii. 2519 West Fairmount Avenue, Baltimore, Maryland

    iv. 2003 Ridgehill Avenue, Baltimore, Maryland

    v. 1908 Penrose Avenue, Baltimore, Maryland

21 U.S.C. § 853 ; Rule 32.2(a).

*[signature]*
Rod J. Rosenstein
United States Attorney

A TRUE BILL
**SIGNATURE REDACTED**
Foreperson

6-12-13
Date

5